**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO A. NAGY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUNT & HENRIQUES, INC., and CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　Defendants. | Case No. 2:21-cv-01081<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes ENIKO A. NAGY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HUNT & HENRIQUES, INC. ("H&H") and CAPITAL ONE BANK (USA), N.A. ("Capital One") (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788 *et seq.*, for H&H's unlawful conduct.

2. Plaintiff brings further claims for damages pursuant to the RFDCPA under Cal. Civ. Code § 1788 *et seq.* for Capital One's unlawful conduct.

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

5. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

## PARTIES

6. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Los Osos, California, which is within the Central District of California.

7. H&H is a California law firm that claims to "specialize in the recovery of delinquent consumer obligations."[1] H&H is a corporation organized under the laws of the state of California, with its principal place of business is located at 151 Bernal Road, Suite 8, San Jose, California 95119.

8. Capital One is a nationwide bank that offers consumers a variety of accounts and products. In connection with its business, Capital One routinely collects or attempts to collect, indirectly, debts in connection with the products and services it offers consumers. Capital One's principal place of business is located at 1680 Capital One Drive, McLean, Virginia.

9. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. The instant action arises out of Defendant's attempt to collect upon outstanding debt ("subject debt") that Plaintiff allegedly owed to Capital One.

11. All purchases Plaintiff made with the Capital One line of credit were for her personal purposes.

---

[1] https://www.hunthenriques.com/

3

12. After Plaintiff's purported default on the subject debt, Capital One initiated collection litigation against Plaintiff, with H&H acting as their attorneys, on or about October 15, 2019.

13. As the case progressed, Plaintiff proposed a settlement arrangement with Defendants in November 2020 in exchange for cessation of the underlying litigation.

14. The parties reached an agreement as to a settlement, in connection with which H&H explicitly represented that her acceptance of the arrangement would result in the cessation of the underlying litigation.

15. Pursuant to this arrangement, Plaintiff's first payment was to be withdrawn from her account on December 4, 2020.

16. H&H agreed that it would not cash the provided check until December 4, 2020.

17. However, contrary to H&H's representation and the agreement between the parties, H&H caused the funds to be withdrawn on December 1, 2020.

18. Upon noticing the early withdrawal, Plaintiff contacted H&H, and spoke with Kevin Buiza.

19. Mr. Buiza informed Plaintiff that he would need to look into the unauthorized withdrawal.

20. Thereafter, Mr. Buiza contacted Plaintiff and informed her that the office had made a mistake and withdrew the funds early.

4

21. Around this same time, H&H provided Plaintiff with a "Stipulation Agreement" – which H&H was going to file in the underlying litigation in order to reflect the terms of the settlement agreement the parties had reached.

22. Plaintiff informed H&H that the information in the stipulation was incorrect, as it incorrectly stated the timeline of the agreed upon payments.

23. As such, Plaintiff would not sign the document until H&H corrected the error.

24. H&H subsequently sent Plaintiff another stipulation, that once again failed to accurately track the parties' agreement.

25. Plaintiff reiterated her concerns to H&H, who once again advised that it would send an updated stipulation.

26. However, yet again, H&H provided Plaintiff a version of the stipulation that did not accurately track the parties' agreements.

27. Through its conduct, H&H repeatedly attempted to coerce Plaintiff into signing an inaccurate stipulation, which Plaintiff repeatedly attempted to get corrected.

28. As a result of H&H's conduct, Plaintiff is now being subjected to further litigation, all because H&H failed to accurately track and represent the terms of the parties' settlement arrangement and failed to correct the inaccuracies pointed out by Plaintiff.

29. H&H's progression with the litigation further undercuts its prior representation that the litigation would be put on hold given the parties' arrangements.

30. Plaintiff has suffered emotional distress, heightened senses of anxiety, mental anguish, and extreme frustration as a result of Defendants' conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### PLAINTIFF AGAINST H&H

31. Plaintiff repeats and alleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. H&H is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. H&H is further a business whose principal purpose is the collection of debts.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692d**

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. H&H violated § 1692d when it harassingly withdrew funds from Plaintiff's account on December 1, 2020, rather than December 4, 2020. Plaintiff made it abundantly clear to H&H that the agreed payment was to be taken out on December 4th. However, H&H harassingly ignored such directive, and withdrew the funds when it felt like it. Such conduct had the natural consequence of harassing Plaintiff in connection with H&H's efforts to collect the subject debt.

37. H&H further violated § 1692d when it abusively attempted to convince Plaintiff to sign an inaccurate stipulation. Plaintiff repeatedly informed H&H of the errors in its stipulation, which H&H advised it would correct. However, H&H did not correct those errors. Instead, it repeatedly attempted to Plaintiff to sign the inaccurate stipulation. Such conduct, done by seasoned debt collection law firm that was actively pursuing Plaintiff in litigation, had the natural consequence of harassing and abusing Plaintiff.

**b. Violations of the FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); and,

7

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. H&H violated §§ 1692e and e(10) when it misleadingly agreed to withdraw the first payment from Plaintiff on December 4, 2020. Despite the agreement between the parties, H&H cut against the prior agreement when it withdrew the funds on December 1, 2020. As such, H&H falsely and deceptively represented that it would withdraw funds on December 4, 2020.

41. H&H further violated §§ 1692e, e(2)(A), and e(10) when it repeatedly misrepresented the parties' agreement in the stipulations it provided Plaintiff. In every one of these documents, H&H misrepresented the terms of the parties' arrangement. Such communications, made in connection with H&H's efforts to collect the subject debt, were thus inherently misleading and deceptive.

42. Additionally, H&H violated §§ 1692e and e(10) when it deceptively attempted to compel Plaintiff to sign the knowingly inaccurate stipulations. It was deceptive for H&H to repeatedly suggest the accuracy of such documents, when in fact such documents were repeatedly deficient given their failure to accurately track the terms of the parties' arrangement.

43. Even further, H&H violated §§ 1692e and e(10) when it deceptively stated that the underlying litigation would be halted in the event the parties agreed to a payment arrangement. The parties reached such payment agreement, yet H&H's own

inability to provide an accurate stipulation has resulted in the litigation progressing, in direct contravention of H&H's prior representations.

### c. Violations of FDCPA § 1692f

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. H&H violated §1692f when it unfairly and unconscionably withdrew funds from Plaintiff's bank account earlier than the parties agreed.

46. H&H further violated § 1692f when it unfairly provided Plaintiff with inaccurate stipulations regarding the parties' arrangements.

47. Additionally H&H violated § 1692f when it unfairly refused to correct the stipulations despite Plaintiff's numerous indications that the documents were inaccurate.

48. Even further, H&H violated § 1692f when it unfairly attempted to compel Plaintiff to sign an inaccurate stipulation. H&H repeatedly attempted to compel Plaintiff to sign the document, despite knowing the stipulation's inaccurate nature. Such conduct, engaged in by a debt collection law firm against a consumer in active litigation, is inherently unfair conduct.

49. H&H also violated § 1692f when it unfairly failed to halt the underlying litigation despite the parties' arrangements.

WHEREFORE, Plaintiff ENIKO A. NAGY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further violations of law; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE RFDCPA
### PLAINTIFF AGAINST DEFENDANTS

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

52. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

53. Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c). Capital One is further a "creditor" as defined by

**a. Violations of RFDCPA § 1788.10 – 1788.17**

54. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section

10

1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

55. As outlined above, through its unlawful attempts to collect upon the subject debt, H&H, as well as Capital One, violated 1788.17; and §§1692d, e, and f. Defendants engaged in a harassing, deceptive, and unconscionable campaign to collect from Plaintiff the subject debt by the harassing and misleading conduct outlined above.

56. Capital One enjoyed an attorney-client relationship with H&H in connection with H&H's conduct directed towards Plaintiff, evincing the existence of a principal-agent relationship between the parties.

57. Given the principal-agent relationship, Capital one is both vicariously liable for H&H's violations of the RFDCPA, as well as directly liable for its role in the conduct directed towards Plaintiff. *See e.g., Oei v. N. Star Capital Acquisitions, LLC,* 486 F. Supp. 2d 1089, 1094-96 (C.D. Cal. 2006).

58. Defendants willfully and knowingly violated the RFDCPA through their egregious collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ENIKO A. NAGY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further violations of law; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: February 5, 2021          Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com